UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

DANIEL FINKELSTEIN,

                          Plaintiff,

    - against -

SECURITIES INDUSTRY AUTOMATION
CORPORATION,

                          Defendant.

- - - - - - - - - - - - - - - - - - -X

PROTECTIVE ORDER

CV 2005-5195 (NG)(MDG)

    This Court approves and adopts as the order of this Court the proposed Stipulation and Order of Confidentiality submitted by defendant's counsel (ct. doc. 9), a copy of which is attached hereto. This Court rejects plaintiff's proposal to permit redaction of "financial, education and employment information." While this Court is mindful of plaintiff's privacy concerns, this interest cannot be used to prevent disclosure of information which unquestionably may be relevant. Given that plaintiff brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12201 et seq. with respect to his treatment at work, information relating to his education, finances and work unquestionably will be relevant to the claims or defenses herein. See F. R. Civ. P. 26(b)(1); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (broadly construing relevance "to encompass any matter that bears on, or that reasonably could

lead to other matter that could bear on, any issue that is or may be in the case").

In any event, the confidentiality order approved affords substantial protection by limiting the use of any documents produced to this action. Since Local Civil Rule 5.1 generally prohibits the filing of discovery requests and responses, any documents produced in discovery will not be disseminated unless used at trial or in conjunction with a motion.

Moreover, should any summary judgment motion be filed, Judge Gershon's chambers rules specify that parties should not file motion papers until a motion is completely briefed. Thus, should plaintiff believe that the motion papers contain private information that should not be disclosed, plaintiff will have an opportunity to confer with defendant on whether certain portions of the motion papers should be filed under seal or redacted. If the parties cannot agree, plaintiff may to seek relief from the Court, but is advised that the mere fact information may be uncomplimentary may not, in itself, be a sufficient basis for sealing.

In addition, defendant has agreed to comply with the requirements of proposed Fed. R. Civ. P. 5.2. The parties are hereby directed to redact from all future filings the information specified in this proposed rule.

Last, since defendant already knows plaintiff's Social Security number and address, plaintiff is permitted to redact such information should he so desire. See Entral Group

International, LLC v. YHCL Vision Corp., No. CV 05-1912 (ERK), -- F. Supp.2d ---, 2006 WL 1589844, at * 1 (E.D.N.Y. June 7, 2006) (recognizing that individuals have a strong privacy interest in their Social Security numbers and holding that such numbers should generally not be disclosed absent a showing of particularized need).

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 15, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE