UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

DANIEL FINKELSTEIN,

                Plaintiff,     <u>ORDER</u>

    - against -          CV 2005-5195 (NGG)(MDG)

SECURITIES INDUSTRY AUTOMATION
CORPORATION,

                Defendant.

- - - - - - - - - - - - - - - - - - - X

    By letter dated September 13, 2006, plaintiff moves to compel deposition testimony from non party Beryl Lugo for which defense counsel instructed the witness not to answer on the basis of attorney-client privilege. <u>See</u> ct. doc. 10. Plaintiff also complains that defense counsel walked out of the deposition with the deponent after seven hours and refused to allow plaintiff's counsel to complete the deposition.

    As to defendant's claim of privilege, plaintiff must re-file his motion to compel attaching the relevant portions of Lugo's deposition transcript.

    With respect to the continuation of Lugo's deposition, plaintiff should also address how much time is sought to complete her deposition. In view of this dispute over the time limit of Lugo's deposition and the parties' dispute over the time limit of the deposition of Faith Altenhaus-Peyser raised in a telephone conference before me on October 26, 2006, I note the following. Federal Rule of Civil Procedure 30(d)(2) provides, in pertinent

part, that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent." Fed. R. Civ. P. 30(d)(2) (emphasis added). The Advisory Committee Notes to the 2000 Amendments to Fed. R. Civ. P. 30(d) state that "it is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court," and that "preoccupation with timing is to be avoided." Advisory Committee Notes to the 2000 Amendments to Fed. R. Civ. P. 30(d).

It appears that defense counsel is closely keeping track of the duration of the depositions in this case. However, the seven hour presumptive limit is not a call for meticulous time-keeping. Defense counsel's insistence on exactitude here is contrary to the expectation that parties will accommodate their adversary's reasonable request for additional time. More, some flexibility is appropriate here in light of the fact the questioning will cover documents produced after the initial session. Such staggered production is likely to result in inefficiency in questioning and any additional time required as a result should not be chargeable to plaintiff.

Plaintiff's September 13, 2006 letter also raises a dispute regarding the site of plaintiff's deposition. Plaintiff requested that his deposition occur at this courthouse rather than defense counsel's office, in order to reduce the likelihood

-2-

that plaintiff will suffer a panic attack during the examination. "As a general rule, the party noticing the deposition usually has the right to choose the location." Toussie v. County of Suffolk, CV 05-1814, 2006 WL 1982687, at *2 (E.D.N.Y. July 13, 2006); Buzzeo v. Bd. of Educ., Hempstead, 178 F.R.D. 390, 392 (E.D.N.Y. 1998); Fed. R. Civ. P. 30(b)(1). However, courts retain the discretion to order depositions to occur in the courthouse and the presumption as to the site of the deposition is merely a decisional rule that facilitates determination when other relevant factors do not favor one side over the other. See Pritchard v. County of Erie, No. 04CV534C, 2006 WL 2927852, at *2 (W.D.N.Y. Oct. 12, 2006); Buzzeo, 178 F.R.D. at 392; 7 James Wm. Moore et al., Moore's Federal Practice § 30.20 (3d ed. 1997). Plaintiff's physician who has been treating plaintiff for anxiety, opines that it would be in plaintiff's "best interest to be deposed at the federal courthouse." See ct. doc. 10, Exh. C. To be sure, most plaintiffs may be more comfortable being deposed at a neutral site rather than defense counsel's office. Absent further explanation, this Court declines to exercise its discretion to designate a site other than that noticed by the deposing party. In any event, should any issue arise over the conduct of the deposition, this Court will ordinarily be available by telephone for a discovery conference. Plaintiff may contact my chambers to confirm that I will be in my office on the date that a deposition is scheduled. In addition, counsel should confer prior to the deposition on reasonable arrangements that

would assist in making the plaintiff more comfortable during the deposition. Needless to say, counsel are expected to proceed in a manner not to cause undue stress. Plaintiff should be afforded an opportunity to take a break whenever he feels one is necessary, provided the break is not used as an opportunity to confer with his counsel regarding the testimony or to avoid responding after a question has been posed. In addition, the parties must arrange for the aural recording of plaintiff's deposition which can be replayed and reproduced for the Court in the event that disputes over the manner and tenor of the deposition arise. See Fed. R. Civ. P. 30(b)(2).

If any other unresolved discovery disputes remain between the parties, either raised in plaintiff's September 13, 2006 letter or otherwise, those issues should be promptly brought to the Court's attention in light of the impending November 10, 2006 discovery deadline. Since it makes little sense to proceed with the Lugo deposition until a ruling on a motion to compel with respect to defendant's assertion of privilege, a short extension of the scheduling order for this deposition will be discussed at the next conference on November 14, 2006 (by telephone).

**SO ORDERED.**

Dated: Brooklyn, New York
October 27, 2006

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE